IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| ADITYA RALLABHANDI, | |
| Plaintiff, | |
| v. | Civil Action No. 3:20-CV-02860-S |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and KENNETH T. (KEN) CUCCINELLI, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services (or his successor), in his official capacity, | |
| Defendants. | |

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

ERIN NEALY COX
United States Attorney

Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

**Table of Contents**

I.   Background...........................................................................................................2

    A.   The EB-5 Program .......................................................................................2

        1.   USCIS's processing of Form I-526 petitions ....................................4

    B.   Factual background .....................................................................................5

II.   Legal Standards ...................................................................................................5

III.   Argument and Authorities ................................................................................7

    A.   USCIS has neither unlawfully withheld nor unreasonably delayed in the adjudication of Rallabhandi's petition. ...................................................8

        1.   USCIS has not unlawfully withheld adjudication. .............................9

        2.   USCIS has not unreasonably delayed adjudication. ......................11

    B.   Rallabhandi is not entitled to mandamus relief. ...........................................17

        1.   Rallabhandi has no clear and indisputable right to instant adjudication, as USCIS has not violated its duty to timely adjudicate Rallabhandi's petition. .................................................18

        2.   Rallabhandi has other adequate remedies available for relief..........20

IV.   Conclusion ...........................................................................................................22

# Table of Authorities

## CASES

*Ahmadi v. Chertoff,*
  522 F. Supp. 2d 816 (N.D. Tex. 2007) .................................................................. 12, 21

*Al-Juburi v. Chertoff,*
  No. 3:06-CV-1270-D, 2007 WL 2285964 (N.D. Tex. Aug. 9, 2007) ..................... 13, 19

*Alkenani v. Barrows,*
  356 F. Supp. 2d 652 (N.D. Tex. 2005) ........................................................................ 12

*Allied Chem. Corp. v. Daiflon, Inc.,*
  449 U.S. 33 (1980) ....................................................................................................... 17

*Alsharqawi v. Gonzales,*
  No. 3:06-CV-1165-N, 2007 WL 1346667 (N.D. Tex. Mar. 14, 2007) ................... 9, 12

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................... 7, 13

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................................... 6, 13

*Bender v. Williamsport Area School Dist.,*
  475 U.S. 534 (1986) ........................................................................................................ 6

*Bian v. Clinton,*
  605 F.3d 249 (5th Cir. 2010) .................................................................................. 10, 18

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,*
  461 U.S. 273 (1983) ........................................................................................................ 6

*Bo Tang v. Chertoff,*
  No. C 07-06873 JF, 2007 WL 1650945 (N.D. Cal. June 5, 2007) ............................... 11

*Campbell v. City of San Antonio,*
  43 F.3d 973 (5th Cir. 1995) ........................................................................................ 6, 7

*Casa Colina Hosp. v. Burwell,*
  No. 15-3990, 2015 WL 11237100 (C.D. Cal. Oct. 30, 2015) ................................. 19, 20

*Cheney v. U.S. Dist. Court for the Dist. of Columbia,*
  542 U.S. 367 (2004) ...................................................................................................... 17

*Dmitrenko v. Chertoff*,
   No. 07-CV-82, 2007 WL 1303009 (E.D. Va. Apr. 30, 2007) ...................................... 16

*Elmalky v. Upchurch*,
   No. 3:06-CV-2359-B, 2007 WL 944330 (N.D. Tex. Mar. 28, 2007) .................... 13, 19

*Ex Parte Fahey*,
   332 U.S. 258 (1947) ....................................................................................... 17

*Felicia W. v. Berryhill*,
   No. 3:17-CV-2649-D-BN, 2018 WL 3321254 (N.D. Tex. June 13, 2018) ................... 8

*Forest Guardians v. Babbitt*,
   174 F.3d 1178 (10th Cir. 1999) ............................................................... 9, 11

*Freeman v. United States*,
   556 F.3d 326 (5th Cir. 2009) ..................................................................... 6

*Giddings v. Chandler*,
   979 F.2d 1104 (5th Cir. 1992) .................................................................. 17

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,
   143 F.3d 1006 (5th Cir. 1998) .................................................................... 5

*Hoo Loo v. Ridge*,
   No. Civ. 04-5553, 2007 WL 813000 (E.D.N.Y. Mar. 14, 2007) ........................ 12, 14

*Immigration & Naturalization Serv. v. Miranda*,
   459 U.S. 14 (1982) ................................................................................. 12

*In re Aiken Cnty.*,
   645 F.3d 428 (D.C. Cir. 2011)................................................................... 17

*In re Barr Labs., Inc.*,
   930 F.2d 72 (D.C. Cir. 1991)..................................................................... 19

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
   668 F.3d 281 (5th Cir. 2012) ...................................................................... 6

*Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
   426 U.S. 394 (1976) ............................................................................... 22

*King v. Nat'l Transp. Safety Bd.*,
   766 F.2d 200 (5th Cir. 1985) ..................................................................... 9

*Kobaivanova v. Hansen*,
　No. 1:11CV943, 2011 WL 4401687 (N.D. Ohio, Sept. 16, 2011)................................ 16

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
　511 U.S. 375 (1994) .......................................................................................................... 6

*L.M. v. Johnson*,
　150 F. Supp. 3d 202 (E.D.N.Y. 2015) ..................................................................... 14, 15

*Lane v. Pena*,
　518 U.S. 187 (1996) .......................................................................................................... 6

*Li v. Agagan*,
　No. 04-40705, 2006 WL 637903 (5th Cir. Mar. 14, 2006) ........................................... 21

*Liberty Fund, Inc. v. Chao*,
　394 F. Supp. 2d 105 (D.D.C. 2005)................................................................................. 12

*M.J.L. v. McAleenan*,
　420 F. Supp. 3d 588 (W.D. Tex. 2019) .................................................................... 12, 21

*Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*,
　490 U.S. 296 (1989) ........................................................................................................ 17

*Mohammed v. Frazier*,
　No. 07-3037 (RHK/JSM), 2008 WL 360778 (D. Minn. Feb. 8, 2008)......................... 13

*Monahan v. Dorchester Counseling Ctr., Inc.*,
　961 F.2d 987 (1st Cir. 1992) ............................................................................................ 9

*Mt. Emmons Min. Co. v. Babbitt*,
　117 F.3d 1167 (10th Cir. 1997) ..................................................................................... 21

*Muse v. Nat'l Flood Ins. Pgm.*, No. 17-10586,
　2019 WL 968371 (E.D. La. Feb. 28, 2019).................................................................... 21

*Norton v. S. Utah Wilderness Alliance*,
　542 U.S. 55 (2004) ............................................................................................... 8, 11, 17

*Patel v. Rodriguez*,
　No. 15-CV-486, 2015 WL 6083199 (N.D. Ill. Oct 13, 2015) ....................................... 15

*Pesantez v. Johnson*,
　No. 15 Civ. 1155 (BMC), 2015 WL 5475655 (E.D.N.Y. Sept. 17, 2015)........ 14, 15, 16

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) ................................................................. 5

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
635 F.3d 757 (5th Cir. 2011) ........................................................... 17, 18

*Ryan v. Dedvukaj*,
No. 09-14178, 2009 WL 3809813 (E.D. Mich. Nov. 13, 2009) ................... 10

*Saleh v. Ridge*,
367 F. Supp. 2d 508 (S.D.N.Y. 2005) ..................................................... 16

*Shihuan Cheng v. Baran*,
CV 17-2001-RSWL-KSx, 2017 WL 3326451 (C.D. Cal. Aug. 3, 2017) ..................... 10

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ............................................................................. 6

*United States v. Denson*,
603 F.2d 1143 (5th Cir. 1979) ............................................................. 21

*Xu v. Cissna*,
434 F. Supp. 3d 43 (S.D.N.Y. 2020) ..................................................... 14

*Yang v. Cal. Dep't of Social Servs.*,
183 F.3d 953 (9th Cir. 1999) ................................................................. 9

## STATUTES

5 U.S.C. § 551(13) .............................................................................. 8

5 U.S.C. § 555(b) ................................................................................ 8

5 U.S.C. § 702 ................................................................................... 8

5 U.S.C. § 706(1) ........................................................................... 8, 11

8 U.S.C. § 1153(b)(5)(A) ....................................................................... 2

8 U.S.C. § 1186b ............................................................................. 3, 4

8 U.S.C. § 1202(a) .............................................................................. 3

8 U.S.C. § 1255(a) .............................................................................. 3

8 U.S.C. § 1571 ...................................................................................... 1, 9, 10, 18

8 U.S.C. § 1572 ............................................................................................... 10

8 U.S.C. § 1573 ............................................................................................... 10

28 U.S.C. § 1361 ................................................................................................ 1

## RULES

Fed. R. Civ. P. 12(b)(1) ................................................................................... 2, 5

Fed. R. Civ. P. 12(b)(6) ................................................................................... 2, 6

Fed. R. Civ. P. 12(h)(3) ..................................................................................... 6

## REGULATIONS

8 C.F.R. § 103.2(b)(1) ......................................................................................... 3

8 C.F.R. § 204.6 ........................................................................................ 2, 3, 15

## OTHER AUTHORITIES

USCIS, "Case Processing Times," https://egov.uscis.gov/processing-times/more-info ... 11

USCIS, "Check Case Processing Times," https://egov.uscis.gov/processing-times/.. 11, 18

USCIS, "Historical National Average Processing Time (in Months) for All USCIS
    Offices for Select Forms by Fiscal Year," https://egov.uscis.gov/processing-
    times/historic-pt ........................................................................................... 11

USCIS, "Questions and Answers: EB-5 Immigrant Investor Program Visa Availability
    Approach," https://www.uscis.gov/working-united-states/permanent-
    workers/employment-based-immigration-fifth-preference-eb-5/questions-and-answers-
    eb-5-immigrant-investor-program-visa-availability-approach (last updated Sept. 17,
    2020) ..................................................................................................... 4, 5

USCIS, "USCIS Adjusts Process for Managing EB-5 Visa Petition Inventory," Jan. 29,
    2020 https://www.uscis.gov/news/news-releases/uscis-adjusts-process-managing-eb-5-
    visa-petition-inventory ..................................................................................... 4

vi

Plaintiff Aditya Rallabhandi brought this mandamus action (Doc. 1), alleging Defendants U.S. Citizenship and Immigration Services ("USCIS") and Kenneth T. Cuccinelli, Senior Official performing the duties of Director, USCIS (collectively, "Defendants"), failed to adjudicate Rallabhandi's Form I-526 petition for the EB-5 program within the 180-day time period described in 8 U.S.C. § 1571(b). Rallabhandi therefore seeks an order from this Court declaring this alleged delay unreasonable and unlawful, and compelling Defendants to adjudicate Rallabhandi's petition within 30 days. (Doc. 1 at 10.)

Rallabhandi, however, is not entitled to the relief sought. As to Rallabhandi's first claim under the Administrative Procedure Act ("APA"), Rallabhandi has not demonstrated that this Court has subject matter jurisdiction over the claim, as Defendants have neither unreasonably delayed nor unlawfully withheld the processing of Rallabhandi's Form I-526 petition for the EB-5 program. Rallabhandi alleges that Congress requires USCIS to adjudicate these petitions within 180 days, but the statute cited for this proposition is simply an aspirational goal, not a strict deadline. Further, the amount of time that Rallabhandi's petition has been pending is well within the standard adjudication timeline for all Form I-526 petitions for the EB-5 program. Even if judicial review were available under the APA, these same facts demonstrate that Rallabhandi has failed to state a claim under the APA. Rallabhandi's APA claim should therefore be dismissed for lack of subject matter jurisdiction, or in the alternative, a failure to state a claim upon which relief may be granted.

As to Rallabhandi's second claim under 28 U.S.C. § 1361, mandamus relief is a

drastic remedy to be used only in extraordinary circumstances and can only be invoked if the plaintiff's right to issuance of the writ is clear and indisputable, the defendant has a clear duty to act, and there is no other adequate remedy available.  As discussed herein, Rallabhandi fails to state any claim for relief, because the extraordinary relief of mandamus is not intended as a vehicle for one immigration applicant to move himself to the front of the line at the expense of others who are similarly waiting.  Mandamus is also inappropriate because other adequate remedies are available to compel unreasonably withheld agency action—including specifically bringing suit under the APA—and the mere fact that this particular plaintiff does not have a viable APA claim available to him at this exact time does not give rise to a mandamus claim.

Consequently, because neither mandamus nor APA relief is available, this Court should dismiss the complaint for lack of jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.      Background

### A.      The EB-5 Program

The Immigration and Nationality Act established the EB-5 program in 1990, to provide visas to aliens who have invested, or are actively in the process of investing, a certain amount of capital in a new commercial enterprise which will benefit the United States economy and create full-time employment for at least ten U.S. citizens or immigrants lawfully authorized to be employed in the United States.  *See* 8 U.S.C. § 1153(b)(5)(A).  An individual seeking classification as an EB-5 immigrant investor may submit a Form I-526 petition to USCIS.  8 C.F.R. § 204.6(a), (c), (j).

Federal regulations require that the petitioner for an immigration benefit "establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1). Therefore, in addition to the Form I-526 petition, the alien must provide sufficient evidence as part of his submission to USCIS to demonstrate that he "has invested or is actively in the process of investing lawfully obtained capital in a new commercial enterprise in the United States" that will create full-time positions for at least 10 qualifying employees. 8 C.F.R. § 204.6(j). This evidence includes documentation for each component of the requirements: the new commercial enterprise, the investment, the legality of the capital invested or in the process of being invested, job creation, the engagement of the petitioner in the new commercial enterprise (i.e., day-to-day managerial control or policy formulation), and where applicable, whether the area in which the employment has been or will be created is a "targeted employment area," meaning a lower amount of capital can be invested by the alien to be approved. 8 C.F.R. § 204.6(f), (j).

If USCIS approves the Form I-526 petition, the alien may, depending on the alien's circumstances, either apply for an EB-5 visa from abroad or file a Form I-485 application for USCIS to adjust his immigration status if already located in the United States. *See* 8 U.S.C. §§ 1202(a), 1255(a). Upon admission to the United States, the EB-5 immigrant investor and his eligible spouse and children are conditional permanent residents. *See* 8 U.S.C. § 1186b(a)(1). During the 90-day period before the second anniversary of admission as a conditional permanent resident, a Form I-829 petition must

be filed to seek removal of the conditional basis of the permanent resident status.  *See* 8
U.S.C. § 1186b(c)(1)(A), (d)(2)(A).

### 1.    USCIS's processing of Form I-526 petitions

On January 29, 2020, USCIS announced that it was modifying the inventory
management process for Form I-526 petitions to give "priority to petitions where visas
are immediately available, or soon available."  *See* USCIS, "USCIS Adjusts Process for
Managing EB-5 Visa Petition Inventory," Jan. 29, 2020, https://www.uscis.gov/news/
news-releases/uscis-adjusts-process-managing-eb-5-visa-petition-inventory.  Pending
Form I-526 petitions would no longer be processed using a first-in, first-out based
approach, but rather also taking into consideration the availability of visas.  *Id.*; *see also*
USCIS, "Questions and Answers: EB-5 Immigrant Investor Program Visa Availability
Approach," https://www.uscis.gov/working-united-states/permanent-workers/
employment-based-immigration-fifth-preference-eb-5/questions-and-answers-eb-5-
immigrant-investor-program-visa-availability-approach (last updated Sept. 17, 2020)
(explaining USCIS manages Form I-526 petition inventory with workflows that factor in
the availability of a visa and the review status of the project receiving the investment, and
noting that workflows are generally managed in a first-in, first-out order when a visa is
available or will be available soon).

This change, which went into effect on March 31, 2020, is designed to increase
fairness in the administration of the program, and to ensure that EB-5 program operations
are consistent with congressional intent.  *Id.*  This modification does not change any
requirements for the Form I-526 and supporting documentation, but will, in general,

shorten the length of time that a Form I-526 petition remains pending if a visa is available or will be available soon.  *See id.* (explaining that under the prior process, "petitioners without visa numbers available would tend to be processed ahead of those with visa numbers available, given that the oldest Form I-526 petitions are primarily from countries that are now oversubscribed" meaning that country's visa demand exceeds the supply of visa numbers available for allocation in the relevant classification from the U.S. Department of State).

**B.**    **Factual background**

In the complaint, Rallabhandi states that he has filed an "EB-5 petition packet" (i.e., a completed Form I-526 and supporting documents).  (*See generally* Doc. 1.) Rallabhandi alleges that USCIS acknowledged receiving his petition on December 12, 2018.  (Doc. 1, ¶ 31.)  Rallabhandi alleges that more than 180 days has passed since the petition was filed, but it has not yet been adjudicated.  (Doc. 1, ¶ 33.)

**II.        Legal Standards**

Under Rule 12(b)(1), a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  *Id.* (citation omitted).  Because the United States and its agencies enjoy sovereign immunity from suit unless Congress has specifically consented

to the suit, *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983), the plaintiff bears the burden of showing a waiver of immunity, *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). The government's consent to suit "is a prerequisite to federal jurisdiction," *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012), and Congress's waiver of immunity "must be unequivocally expressed in statutory text . . . and will not be implied," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Furthermore, subject matter jurisdiction also must be established before the case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and conferred by Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In deciding a Rule 12(b)(6) motion to dismiss, the Court evaluates the sufficiency of the plaintiff's complaint by accepting "all well-pleaded facts as true and viewing those facts in the light most favorable to [the plaintiff]." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, it is insufficient for the complaint's factual allegations to "merely create[] a suspicion that the pleader might have a right of action." *Campbell*, 43 F.3d at 975.   Instead, to survive a motion to dismiss, a complaint requires more than a "sheer possibility that a defendant has acted unlawfully," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations omitted).   In other words, where the facts pleaded do no more than permit an inference of the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    Argument and Authorities

Rallabhandi claims that he is entitled to a declaration that "Defendants' delay [is] unreasonable and/or unlawful," and to an order "compelling USCIS to adjudicate Plaintiff's petitions within 30 days." (Doc. 1 at 10.)  However, Rallabhandi is not entitled to any such relief.  USCIS has neither unlawfully withheld nor unreasonably delayed the adjudication of Rallabhandi's petition.  There is no required timeline for adjudication of these petitions, and Rallabhandi's petition remains well within the standard processing time for all Form I-526 petitions.  As a result, USCIS has not failed to perform its "duty to act within a reasonable amount of time." (Doc. 1, ¶ 39.) Therefore, this Court does not have subject matter jurisdiction over Rallabhandi's APA

claim, and Rallabhandi has also failed to state a claim for relief under the APA.

Rallabhandi has also not demonstrated that he has met the elements for the extraordinary remedy of mandamus relief.  As there is no statutory timeline in which adjudication of Rallabhandi's petition must occur, Rallabhandi does not have an indisputable relief to immediate adjudication of his petition nor do Defendants have a clear duty to act at this time.  Additionally, Rallabhandi has adequate alternative remedies available, making mandamus relief inappropriate.  Therefore, Rallabhandi is also not entitled to his requested mandamus relief.

## A.   USCIS has neither unlawfully withheld nor unreasonably delayed in the adjudication of Rallabhandi's petition.

The APA authorizes suit by any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  "Agency action" is defined as, among other things, "failure to act."  5 U.S.C. § 551(13).  The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

In order to proceed on a claim under 5 U.S.C. § 706(1), the plaintiff must assert "that an agency failed to take a discrete agency action that it is required to take."  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).  Federal courts "are to invoke jurisdiction to compel agency action only when the circumstances clearly require judicial intervention."  *Felicia W. v. Berryhill*, No. 3:17-CV-2649-D-BN, 2018 WL 3321254, at *5 (N.D. Tex. June 13, 2018) (report and recommendation), *adopted by* 2018 WL

3302758 (N.D. Tex. July 5, 2018); *see also Alsharqawi v. Gonzales*, No. 3:06-CV-1165-N, 2007 WL 1346667, at *2-3 (N.D. Tex. Mar. 14, 2007) ("Much like mandamus relief, [compelling agency action] under the APA is considered an extraordinary measure."). Thus, there must be a "showing of prejudice before agency action can be set aside for its lack of punctuality." *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir. 1985).

### 1.    USCIS has not unlawfully withheld adjudication.

An agency has unlawfully withheld a required action when it fails to comply with a statutorily imposed deadline. *See, e.g.*, *Forest Guardians v. Babbitt,* 174 F.3d 1178, 1190 (10th Cir. 1999). There is, however, no mandatory deadline under federal law by which USCIS must adjudicate a Form I-526 petition.

Rallabhandi cites Congress' aspirational statutory language in 8 U.S.C. § 1571 to incorrectly allege that the agency has only 180 days to process a Form I-526 petition. (Doc. 1, ¶¶ 16, 18, 41.) This misreading ignores the actual language of the statute, which explains that the 180 days is merely a goal, not a mandate:

> It is the *sense of Congress* that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . .

8 U.S.C. § 1571(b) (emphasis added); *see also Yang v. Cal. Dep't of Social Servs.*, 183 F.3d 953, 959-62 (9th Cir. 1999) (explaining that multiple courts have held that "sense of Congress" provisions in various federal statutes do not create any rights or duties by themselves, but instead are "no more than non-binding, legislative dicta"); *Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994-95 (1st Cir. 1992) (explaining that the terms "should" and "the sense of Congress" in another federal statute indicated "that

the statute is merely precatory").

In fact, the Fifth Circuit has explicitly stated that 8 U.S.C. § 1571(b) "merely expresses Congress's sense of the adjudicative process," and does not indicate that USCIS has a "plainly prescribed" duty to process an application within the 180-day time frame. *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010), *vacated as moot*, No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *see also Shihuan Cheng v. Baran*, CV 17-2001-RSWL-KSx, 2017 WL 3326451, at *4 (C.D. Cal. Aug. 3, 2017) ("It does not appear that I-526 petitions have a statutory time frame for adjudication."); *Ryan v. Dedvukaj*, No. 09-14178, 2009 WL 3809813, at *2 (E.D. Mich. Nov. 13, 2009) (listing other cases that held there is no strict deadline to process immigration benefits applications, and explaining that "[s]ection 1571(b) is merely a policy statement, worded in precatory terms; it does not create an obligation for Defendants to meet the 180-day deadline, nor does it give Plaintiffs a right of enforcement").

Similarly, despite Rallabhandi's allegations to the contrary (Doc. 1, ¶ 17), a plain reading of the related statutory language in 8 U.S.C. §§ 1572-1573 indicates that the elimination of any backlog in the processing of immigration benefit applications by 2003, so that all such applications were adjudicated within 180 days, was an "objective," rather than an explicit requirement. *See* 8 U.S.C. §§ 1572(1), 1573(a).

As there is no explicit statutory deadline by which USCIS is required to adjudicate a Form I-526 petition, USCIS cannot have "unlawfully withheld" action on Rallabhandi's petition, and to the extent Rallabhandi is asserting such an allegation, this claim must be dismissed.

2.      **USCIS has not unreasonably delayed adjudication.**

If an agency has no concrete deadline establishing a date by which it must act, a

court can still compel agency action if it determines the action was unreasonably delayed.

*See, e.g.*, *Forest Guardians*, 174 F.3d at 1190.  However, to establish a right to judicial

review for an alleged unreasonable delay under 5 U.S.C. § 706(1), a plaintiff must first

establish that the defendant agency's delay in performing its duty is unreasonable.  *See*

*Norton*, 542 U.S. at 63 n.1; *see also Bo Tang v. Chertoff*, No. C 07-06873 JF, 2007 WL

1650945, at *1 (N.D. Cal. June 5, 2007) ("To invoke subject matter jurisdiction under the

APA, a petitioner must show (1) that Defendants had a nondiscretionary duty to act and

(2) that Defendants unreasonably delayed in acting on that duty.").

In this case, Rallabhandi's petition has been pending for just under two years.

(Doc. 1, ¶ 31.)  This timeline is shorter than USCIS's estimated processing times for

Form I-526 petitions of 27.5 to 40.5 months (for petitions filed by aliens who were not

born in mainland China).  *See* USCIS, "Check Case Processing Times,"

https://egov.uscis.gov/processing-times/ (last accessed Dec. 3, 2020).[1]

---

[1] Rallabhandi incorrectly states that the "standard processing time" for Form I-526 petitions is 13.7
months, apparently based on historical national average processing times.  (*See, e.g.,* Doc. 1, ¶ 20 (citing,
among other USCIS websites, "Historical National Average Processing Time (in Months) for All USCIS
Offices for Select Forms by Fiscal Year," https://egov.uscis.gov/processing-times/historic-pt, which
indicates that the general range of the historical average processing time for Form I-526 petitions was
22.2 months in FY 2018, 19.8 months in FY 2019, and 14.1 months for October 1, 2019 through August
31, 2020).)  However, the historical national average processing times use a different calculation
methodology than the "Check Case Processing Times" webpage, which is more relevant for purposes of
this litigation as it reflects an analysis of recently completed cases.  As described in more detail on the
"Check Case Processing Times" webpage, the Form I-526 case processing times are reported as a range
(currently 27.5 to 40.5 months).  The first number is the time it takes to complete 50% of cases (the
median).  The second number is the time it takes to complete 93% of cases.  The range is based on an
analysis of recently completed cases.  USCIS, "Case Processing Times," https://egov.uscis.gov/
processing-times/more-info (last accessed Dec. 3, 2020).

a.    **The fact that Rallabhandi's petition has been pending for more than 180 days does not mean adjudication has been "unreasonably delayed."**

Rallabhandi alleges that the delay in this case is inherently unreasonable as the petition was not adjudicated within 180 days of its filing.  (Doc. 1, ¶¶ 18, 33.)  However, as explained above, the statute cited for this proposition is simply an aspirational goal, not a strict deadline.  In considering whether a delay is unreasonable, courts have consistently held that processing times, even lengthy ones, by themselves, cannot support a finding of unreasonable delay.  *See Hoo Loo v. Ridge*, No. Civ. 04-5553, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007) (citing *Immigration & Naturalization Serv. v. Miranda*, 459 U.S. 14, 19 (1982)) ("[T]he Supreme Court has held that evidence of the passage of time cannot, standing alone, support a claim of unreasonable delay."); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 115 (D.D.C. 2005) ("[M]easuring the delay by years alone cannot establish unreasonable delay."); *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005) (denying mandamus relief for immigration application as the 15-month delay was not unreasonable given the circumstances of the case).[2]

---

[2] Defendants note that there are other cases from this District or other districts across Texas that determined the applicable immigration agency's delay in adjudicating an application were unreasonable. These cases, however, involved significantly longer periods of time than that at issue in this case, and many also involved other statutory or regulatory issues that indicated the delay was unreasonable. *See, e.g.*, *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 592, 594-98 (W.D. Tex. 2019) (report and recommendation), *adopted* Jan. 24, 2020 (Doc. 32) (determining the court had jurisdiction to review a plaintiff's APA claim for unreasonable delay in light of a nearly three year delay and the agency's failure to act in accordance with a specific regulation regarding U-visa waiting lists); *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 820-21 (N.D. Tex. 2007) (determining that USCIS's decision to wait nearly four years while the FBI completed a background check before USCIS would continue its adjudication process could be an unreasonable delay); *Alsharqawi*, 2007 WL 1346667, at *4 (determining a nearly four year delay weighed in favor of finding jurisdiction over the plaintiff's complaint under the APA).

Rather, courts have generally considered a variety of factors, including (1) the source of the delay, (2) the complexity of the investigation, (3) whether any party participated in delaying the proceeding, (4) the nature and extent of the interests prejudiced by the delay, and (5) whether expediting action on agency activities will have an adverse effect on higher or competing priorities. *See, e.g., Mohammed v. Frazier,* No. 07-3037 (RHK/JSM), 2008 WL 360778, at *11 (D. Minn. Feb. 8, 2008); *Al-Juburi v. Chertoff*, No. 3:06-CV-1270-D, 2007 WL 2285964, at *5-6 (N.D. Tex. Aug. 9, 2007); *see also Elmalky v. Upchurch*, No. 3:06-CV-2359-B, 2007 WL 944330, at *6 (N.D. Tex. Mar. 28, 2007) ("[W]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case.") (internal quotation marks omitted).

Here, Rallabhandi does not allege any circumstances, aside from the passage of time, as a basis for the alleged unreasonable delay.  Although Rallabhandi has made general assertions that USCIS has recently been adjudicating fewer Form I-526 petitions while there has also been a decrease in the number of Form I-526 petitions filed (Doc. 1, ¶¶ 21-24), Rallabhandi never alleges any actual impact on his own petition or demonstrates how these allegations constitute any kind of "unreasonable delay."[3]  *See,*

---

[3] Rallabhandi also alleges that he is unable to provide information to demonstrate an unreasonable delay in adjudication because discovery has not yet occurred.  (Doc. 1, ¶ 40.)  However, Rallabhandi cannot exempt himself from the *Iqbal* and *Twombly* pleading requirements merely because of the statute under which he chooses to bring his claims.  In arguing that discovery is necessary, Rallabhandi cites *Mashpee Wampanoag Tribal Council, Inc. v. Norton ("Mashpee")*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) for the proposition that resolution of a claim of unreasonable delay generally requires consideration of case-specific facts and circumstances.  (*See* Doc. 1, ¶ 40 n.13.)  But *Mashpee* lends no support to the argument

*e.g.*, *L.M. v. Johnson*, 150 F. Supp. 3d 202, 214 (E.D.N.Y. 2015) ("While two years of delay is not insubstantial, the court cannot find, as a matter of law, that Plaintiffs have alleged facts that would entitle them to the relief requested under the APA."); *accord Pesantez v. Johnson*, No. 15 Civ. 1155 (BMC), 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015) (citing a case in which a five year delay was found not unreasonable); *Hoo Loo*, 2007 WL 813000 at *4 (four year delay not unreasonable where neither party put forward reasons for the delay).

Additionally, Rallabhandi attempts to use his reasons for filing a Form I-526 petition (so he can apply for a green card and legally stay within the United States) as a basis for arguing that the delay is unreasonable.  (Doc. 1, ¶ 36.)  But Rallabhandi never explains how his desire to become an EB-5 immigrant investor, which is also the desire of any Form I-526 petitioner, somehow demonstrates USCIS has unreasonably delayed in the adjudication of his petition.  Further, these alleged "harms" are inherent risks of the adjudication process.  *See Xu v. Cissna*, 434 F. Supp. 3d 43, 54 (S.D.N.Y. 2020) (finding plaintiff's assertions that she was suffering harm due to the lengthy adjudication of her immigration application the "sort of prejudice . . . inherent in the [adjudication] process; worthy applicants are not entitled to benefits until their applications have been assessed and approved").  Thus, there is no basis to compel adjudication based on Rallabhandi's unsubstantiated claim of unreasonable delay.

---

that Rallabhandi should be entitled to discovery despite his failure to state a claim for relief, as his factual allegations, even if true, do not support a cognizable claim.

### b.    USCIS continues to adjudicate Form I-526 petitions, so there is no basis for judicial intervention at this time.

Although Rallabhandi is frustrated with the pace of USCIS's adjudication of his petition, the agency is continuing to adjudicate pending Form I-526 petitions.  USCIS's responsibilities relating to the processing and adjudication of immigration applications are enormous and wide-sweeping.  Given the overall number of petitions, when combined with the complexity of the Form I-526 adjudication process, the length of time for which Rallabhandi's petition has been pending is reasonable.  *See* 8 C.F.R. § 204.6; *see also Patel v. Rodriguez*, No. 15-CV-486, 2015 WL 6083199, at *6 (N.D. Ill. Oct 13, 2015) (dismissing plaintiffs' unreasonable-delay claim in part because "Plaintiffs have remained on the waiting list because there is a long line of applicants ahead of them"); *L.M.*, 150 F. Supp. 3d at 214 (considering an agency's limited resources and number of pending applications and dismissing an unreasonable delay claim involving an asylum application, finding "[w]hile two years of delay is not insubstantial, the court cannot find, as a matter of law, that plaintiffs have alleged facts that would entitle them to the relief requested under the APA").

Judicial intervention in this case "would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is institutionally ill-equipped to do."  *Pesantez*, 2015 WL 5475655, at *6.  If the Court moved Rallabhandi to the front of the line, it would cause other petitioners to wait

longer for adjudication.[4] *See Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) ("Nor has Plaintiff provided any compelling rationale for why he should not be made to wait his turn for adjudication."). In other immigration mandamus cases, courts have refused to move the plaintiff "to the front of the line," as doing so would only contribute to the backlog of pending applications filed ahead of them. *See Pesantez*, 2015 WL 5475655, at *4 (noting that to judicially expedite plaintiff's case would provide "relief that would further incentivize defendants to prioritize those asylum applicants who have the wherewithal to retain private counsel"); *Kobaivanova v. Hansen*, No. 1:11CV943, 2011 WL 4401687, at *6 n.5 (N.D. Ohio Sept. 16, 2011) (refusing "to compel USCIS to adjudicate Plaintiff's application immediately, with the result that Plaintiff's application would be resolved ahead of other applications that may have been pending for longer").

Additionally, ordering USCIS to adjudicate Rallabhandi's petition would simply encourage more litigation, slowing the system for those whose petitions have been pending longer. *See Dmitrenko v. Chertoff*, No. 07-CV-82, 2007 WL 1303009, at *1 (E.D. Va. Apr. 30, 2007) (declining to compel adjudication of an immigration application because it "would set a dangerous precedent, sending a clear signal that more litigious applicants are more likely to be moved to the top of the proverbial pile over other applicants that have waited even longer").

---

[4] Rallabhandi alleges that USCIS's method of processing Form I-526 petitions based on visa availability already "jump[s]" certain petitioners ahead of others without a visa available or soon to be available (Doc. 1, ¶ 26), and ask that the court move Rallabhandi to the front of the line (Doc. 1 at 10). An overall inventory management approach that prioritizes Form I-526 petitions where visas are immediately or soon to be available is different than moving Rallabhandi to the front of the line ahead of all other petitioners. Rallabhandi's argument also misconstrues agency action with judicial action.

*   *   *

As Rallabhandi has failed to demonstrate that USCIS unlawfully withheld, unreasonably delayed, or otherwise "failed to take a discrete agency action that it [was] required to take," *Norton*, 542 U.S. at 64, Rallabhandi is not entitled to relief on his APA claim, and it should be dismissed.

## B.    Rallabhandi is not entitled to mandamus relief.

The writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex Parte Fahey*, 332 U.S. 258, 259-60 (1947)) (internal quotations omitted).  Consistent with this extraordinary remedy, courts will correct only "transparent violations of a clear duty to act."  *In re Aiken Cnty.*, 645 F.3d 428, 436 (D.C. Cir. 2011); *see also Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (explaining that mandamus relief is only appropriate when the "plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt") (internal quotation marks omitted).

In order to establish entitlement to mandamus relief, a plaintiff must show that he has a clear right to the relief sought, that the defendant has a nondiscretionary duty to act, and there is no other adequate remedy available.  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-35 (1980); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).  The petitioner carries the burden of showing that his right to issuance of the writ is "clear and indisputable."  *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989).  Even if all three elements are satisfied, the decision to grant or

deny the writ remains within the Court's discretion because of the extraordinary nature of the remedy.  *Wolcott*, 635 F.3d at 768.   Here, Rallabhandi has failed to demonstrate any of the three elements necessary for such relief.

### 1.   Rallabhandi has no clear and indisputable right to instant adjudication, as USCIS has not violated its duty to timely adjudicate Rallabhandi's petition.

Rallabhandi has failed to demonstrate either the first or second elements for mandamus relief, as Rallabhandi cannot show a clear and indisputable right to the relief sought—near-immediate adjudication—or that Defendants violated their duty to timely adjudicate Rallabhandi's petition.  Rallabhandi alleges that the Court should issue an order of mandamus to compel the adjudication of his Form I-526 petitions within 30 days because Defendants have failed "to adjudicate Plaintiff's EB-5 petition within a reasonable amount of time."  (Doc. 1, ¶¶ 46-47, 50.)  However, as explained above, there is no statutory deadline within which EB-5 petitions must be adjudicated.  To the extent Rallabhandi asserts that Congress's recommended time line for adjudication must be used to assess the reasonableness of USCIS's pace, the Fifth Circuit has held otherwise, stating that 8 U.S.C. § 1571(b) does not create a "clear and certain right" to mandamus relief when USCIS fails to adjudicate an action within the 180 days specified in the statute. *Bian*, 605 F.3d at 255.

Similarly, USCIS's pace of adjudication for Rallabhandi's petition is reasonable, as the length of time his petition has been pending is shorter than the current estimated time frames for the adjudication of all Form I-526 petitions.  *See* USCIS, "Check Case Processing Times," https://egov.uscis.gov/processing-times/.  Further, courts in this

district have held that it is not simply the length of an alleged delay, but rather a variety of other factors like the complexity of the investigation, the extent of the interests prejudiced by the alleged delay, and the effect that expediting action on the agency's action would have on competing priorities, that determines whether it is unreasonable. *See Al-Juburi*, 2007 WL 2285964, at *5-6; *Elmalky*, 2007 WL 944330, at *6. Rallabhandi has alleged only minimal facts, at most, to demonstrate that the delay has been unreasonable, beyond the simple length of time the petition has been pending.

More fundamentally, the extraordinary relief of a writ of mandamus is not warranted when granting such relief would simply move the plaintiff to the front of the line at the expense of others who are waiting. The D.C. Circuit, which is the home circuit for the headquarters of most federal agencies (including USCIS's Immigrant Investor Program Office, which adjudicates all EB-5 petitions and applications) and carries a heavy docket of administrative law cases, has authored the leading decision in this area. *See In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991). In *In re Barr*, a pharmaceutical company sought mandamus to require the Food and Drug Administration to comply with a statutory deadline for the review of applications to sell generic drugs. *Id.* Although the agency had missed the deadline, the court nonetheless denied mandamus relief because putting the petitioner's application first would merely change the order of applications but do nothing to solve the overall delay. *See id.* at 75-76 ("[A] judicial order putting [the petitioner] at the head of the queue simply moves all others back one space and produces no net gain."). Mandamus relief was, therefore, inappropriate. *Id.*; *see also Casa Colina Hosp. v. Burwell*, No. 15-3990, 2015 WL

11237100, at *1 (C.D. Cal. Oct. 30, 2015) (finding mandamus inappropriate in a case in which the Department of Health and Human Services had failed to adjudicate the plaintiff's Medicare appeal within a statutory deadline, because "mandamus would merely allow [the plaintiff] to jump the queue of other identically situated parties"), *aff'd*, 698 F. App'x 406 (9th Cir. 2017).

The same considerations apply in this case where workflows are generally managed in first-in, first-out order when a visa is available or will be available soon, particularly as, unlike in *Barr*, there is no violation of any statutory deadline for agency action.  While Rallabhandi is understandably eager to have his petition adjudicated, there are no facts alleged which would justify Rallabhandi's receipt of more favorable treatment—cutting to the front of the line—at the expense of the other similarly-situated petitioners whose Form I-526 petitions are also pending.  Indeed, as one court has noted, "[n]ot only would [granting mandamus relief in these circumstances] be arbitrary and unjust, it would encourage a barrage of mandamus actions by others seeking to also jump to the front of the line."  *Casa Colina*, 2015 WL 11237100, at *1.

As there is no statutory deadline for adjudication of Form I-526 petitions and the length of time that Rallabhandi's petition has been pending is reasonable, Rallabhandi has failed to demonstrate that he has a "clear and indisputable" right to such relief and has failed to demonstrate that USCIS violated any duty owed to Rallabhandi. Rallabhandi's request for mandamus relief should be dismissed on these grounds alone.

### 2.    Rallabhandi has other adequate remedies available for relief.

Rallabhandi's claim for mandamus relief also must fail because he cannot

demonstrate the third element required for relief, that there are no other adequate remedies available. *See United States v. Denson*, 603 F.2d 1143, 1147 n.2 (5th Cir. 1979) ("It is fundamental that in such cases a court will not issue a writ of mandamus unless no other remedy is available."). Rallabhandi has multiple other remedies available, including to bring suit under the APA. *See Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D. Tex. 2007) (explaining that mandamus relief is unavailable to the plaintiff because "[g]iven the APA's authorization of courts to compel agency action unreasonably delayed, the request for mandamus relief seems largely duplicative"); *see also Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) ("The availability of a remedy under the APA technically precludes [the plaintiff]'s alternative request for a writ of mandamus."); *M.J.L.*, 420 F. Supp. 3d at 598 (explaining mandamus relief was unavailable to the plaintiffs because they had a remedy under the APA).

Rallabhandi's failure to demonstrate either that this Court has subject matter jurisdiction over the APA claim or to sufficiently plead his APA claim does not mean that remedy does not exist at all, but just that it is unavailable as Rallabhandi has pleaded it at this time. *See, e.g.*, *Li v. Agagan*, No. 04-40705, 2006 WL 637903, at *4 n.5 (5th Cir. Mar. 14, 2006) (explaining that the appellant had implicitly acknowledged that he had a remedy under the APA but had failed to plead it, but the existence of that alternative remedy would foreclose mandamus jurisdiction); *Muse v. Nat'l Flood Ins. Pgm.*, No. 17-10586, 2019 WL 968371, at *3 (E.D. La. Feb. 28, 2019) (dismissing the plaintiffs' mandamus claim as they had another adequate remedy available, explaining that "Plaintiffs' failure to pursue their remedies properly under [the separate statutory

scheme] does not mean that these potential remedies do not exist").  The existence of these alternative remedies is also not affected by Rallabhandi's assertions that he has only requested mandamus relief "in the alternative" and only "[t]o the extent the Court finds that relief under the APA is not available."  (Doc. 1, ¶¶ 46, 49.)  The availability of these alternatives inherently means that Rallabhandi is not entitled to mandamus relief.

*   *   *

The Supreme Court has stated that mandamus relief is a drastic remedy to be used only in extraordinary circumstances.  *See Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).  Rallabhandi has not alleged any such extraordinary circumstances here to justify mandamus relief.  Rallabhandi has no clear right to immediate adjudication, USCIS has not violated any duty towards Rallabhandi, and Rallabhandi has other remedies available.  Accordingly, Rallabhandi has failed to meet his burden of demonstrating that he is entitled to the drastic relief of a writ of mandamus.

### IV.      Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the Plaintiff's Original Complaint.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

On December 4, 2020, I electronically submitted the foregoing document with the

clerk of court for the U.S. District Court, Northern District of Texas, using the electronic

case filing system of the court.  I hereby certify that I have served all parties

electronically or by another manner authorized by Federal Rule of Civil Procedure

5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney