IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| ADITYA RALLABHANDI, | |
| Plaintiff, | |
| v. | Civil Action No. 3:20-CV-02860-S |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; *et al.*, | |
| Defendants. | |

# DEFENDANTS' UNOPPOSED MOTION TO DISMISS FOR MOOTNESS AND NON-REDRESSABILITY

Defendants United States Citizenship and Immigration Services ("USCIS") and Ur Mendoza Jaddou[1], the Director of USCIS, respectfully move to dismiss the claims of Plaintiff Aditya Rallabhandi as moot and non-redressable, in light of recent legislative inaction involving the Form I-526 immigration petition filed by Rallabhandi under the EB-5 Immigrant Investor Regional Center Program.

Rallabhandi does not oppose this motion.

## I. Background

**A.   The EB-5 program provides visas to immigrant investors.**

The Immigration and Nationality Act (INA) established the EB-5 program in

---

[1] Defendant is a federal official sued in her official capacity. Therefore, the current Director of USCIS, Ur Mendoza Jaddou, has been substituted as a defendant for Kenneth Cuccinelli. *See* Fed. R. Civ. P. 25(d).

1990, to provide visas "to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise." 8 U.S.C. § 1153(b)(5). An individual seeking classification as an EB-5 immigrant investor may submit a Form I-526 petition to USCIS. 8 C.F.R. § 204.6(a), (c), (j). If USCIS approves the Form I-526 petition, the petitioner will then either apply for an EB-5 visa from abroad to allow him to seek admission to enter the United States, or file a Form I-485 application for USCIS to adjust his immigration status if already located in the United States. *See* 8 U.S.C. §§ 1202(a), 1255(a). In either situation, an EB-5 visa number must be available before the individual can obtain an immigrant visa or adjust status. 8 U.S.C. §§ 1151(d), 1152(a)(2), 1153(b)(5)(A); 22 C.F.R. § 42.51(b); *Wang v. Pompeo*, 354 F. Supp. 3d 13, 17-18 (D.D.C. 2018). Upon admission to the United States, the EB-5 immigrant investor and any eligible spouse and children are conditional permanent residents. *See* 8 U.S.C. § 1186b(a)(1).

**B.      Statutory authorization related to the Regional Center Program lapsed on July 1, 2021.**

In 1992, Congress established a pilot program that became known as the Regional Center Program, with the goal of reducing limitations on the EB-5 program. *See* Section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended. Most notably, individuals admitted under the Regional Center Program may rely on indirect job creation to satisfy the EB-5 job creation eligibility requirement. *See* 8 C.F.R. §§ 204.6(j), (m)(7).

The Regional Center Program, however, was designed as a temporary program, with the original pilot program "set to expire after 5 years" and the statutory authorization subject to future Congressional extensions.  *See* DHS, EB-5 Immigrant Investor Program Modernization, 84 Fed. Reg. 35,750, 35,756 (July 24, 2019); *see also* Pub. L. 102-395, 106 Stat. 1828, § 610(b).  At this time, Congress has not extended the statutory authorization related to the Regional Center Program, which expired at the end of the day on June 30, 2021.  *See* Div. O, Title I, Sec. 104 of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (2020).  Thus, the statutory authorization related to the Regional Center Program lapsed as of July 1, 2021.

**C.    Rallabhandi filed his Form I-526 petition under the Regional Center Program, and then filed suit seeking a writ of mandamus to compel USCIS to adjudicate his petition.**

On or about December 6, 2018, Rallabhandi submitted his Form I-526 petition and supporting documentation to USCIS seeking EB-5 status. (Doc. 1, ¶ 29.)  He then later filed a mandamus action in this Court seeking to compel USCIS to adjudicate his petition after an allegedly improper delay.  (*See generally* Doc. 1.)

On December 4, 2020, Defendants moved to dismiss this suit under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting Rallabhandi had failed to demonstrate subject-matter jurisdiction over his claim, he had failed to state a claim for relief under either the APA or the Mandamus Act, and mandamus was otherwise inappropriate as other adequate remedies were available.  (*See generally* Doc. 10.)  On May 21, 2021, the Court abated and administratively closed this matter pending resolution of two appeals before the United States Court of Appeals for the Fifth Circuit

involving the same attorneys and arising out of substantially similar facts. (Doc. 20.) Defendants' December 4, 2020 motion to dismiss still remains pending.

However, because Rallabhandhi's petition was filed under the Regional Center Program, and statutory authorization related to the Regional Center Program lapsed as of July 1, 2021 and has not been renewed, there no longer is any statutory authority to grant Rallabhandi the immigration benefit sought. Therefore, Defendants now separately move to dismiss this case as moot.

## II.     Argument and Authorities

Federal jurisdiction requires a live case or controversy at every stage of litigation. *See* U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704–05 (2013). Federal courts cannot give opinions on "moot questions or abstract propositions." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Instead, to invoke federal jurisdiction, a litigant must have suffered or be threatened with an actual injury that is both traceable to the defendant "and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The question when assessing whether a case is moot is whether *any* effective relief can be granted." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 431 (5th Cir. 2013).

Due to the statutory expiration of authorization related to the Regional Center Program, USCIS no longer has statutory authority to provide Rallabhandi the immigration benefit that he seeks, and no court can provide meaningful relief to redress the injury Rallabhandi claims has been caused by USCIS's alleged delay in processing his Form I-526 petition: that he has been prevented from seeking conditional permanent

residency in the United States. (Doc. 1, ¶¶ 27, 36.) Instead, adjudication of Rallabhandi's petition would not advance his efforts to apply for conditional permanent residency, as the statutory lapse means that Congress has not authorized any Regional Center visas—a visa Rallabhandi must receive to obtain conditional permanent residency. Thus, Rallabhandi's request for relief is not redressable, and this case is moot.

In this and other contexts, courts have dismissed similar claims as moot or otherwise not redressable when the government lacked the legal authority to provide the immigration benefit that was ultimately being sought. *See, e.g., Ermuraki v. Renaud*, 987 F.3d 384, 385-86 (5th Cir. 2021) (holding that the applicants' claims challenging the denial of their adjustment of status application were moot because the visa they sought had expired at the end of the prior fiscal year before they filed their complaint); *Nyaga v. Ashcroft*, 323 F.3d 906, 907, 916 (11th Cir. 2003) ("Because we conclude that Nyaga is no longer eligible to receive a visa" that was only available to Nyaga in a previous fiscal year, "the district court could not provide meaningful relief to the Plaintiffs and the court was compelled to dismiss this case as moot."); *Bromfman v. USCIS*, No. 21-CV-571 (BAH), 2021 WL 5014436, at *4-5 (D.D.C. Oct. 28, 2021) (dismissing as moot plaintiff's claims regarding the alleged unreasonable delay in adjudicating his Form I-526 petition under the Regional Center Program, because the lapse in statutory authorization for the program "makes it impossible for this Court to grant any effectual relief") (internal citations omitted).

Rallabhandi's request for relief under the Regional Center Program is both moot and not redressable, because USCIS lacks the authority to provide Rallabhandi the

immigration benefit that he seeks. Rallabhandi also does not object to this motion to dismiss. Therefore, his claims should be dismissed.

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request the Court dismiss Rallabhandi's complaint.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF CONFERENCE

I certify that on January 7, 2022, counsel for Plaintiff Aditya Rallabhandi indicated that he does not oppose this motion.

> */s/ Sarah E. Delaney*
> Sarah E. Delaney
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

On January 10, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

> */s/ Sarah E. Delaney*
> Sarah E. Delaney
> Assistant United States Attorney